TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00186-CV






First-Citizens Bank & Trust Company, Appellant


v.


American Constructors, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-08-002044, HONORABLE SCOTT OZMUN, JUDGE PRESIDING




 O R D E R

PER CURIAM 

 Appellee, American Constructors, Inc. (ACI), has filed a motion to dismiss this
appeal. In the underlying litigation, appellant, First-Citizens Bank and Trust Company (First-Citizens), sued ACI alleging that it was the assignee of certain obligations that ACI, a general
contractor, allegedly owed to one of its subcontractors and that ACI had never paid First-Citizens
those amounts. In response to First-Citizens's suit, ACI filed a petition in interpleader in which it
counterclaimed against First-Citizens and also joined several other of its subcontractors as third-party
defendants. With this, ACI deposited $90,105.61 into the district court's registry. Subsequently,
ACI moved for summary judgment on First-Citizens's claims against it. In two orders dated
March 25 of this year, the district court ruled on various objections to the parties' summary-judgment
evidence and granted ACI's motion. In April, First-Citizens filed a notice of appeal from both
March 25 orders. The appeal has proceeded, with the clerk's record being filed in June and First-Citizens filing its appellant's brief in early August.

 On August 26, ACI filed its dismissal motion. ACI asserts that the March 25 orders
do not constitute a final, appealable judgment because they disposed only of First-Citizens's claim
against ACI, not ACI's interpleader claims or other parties to the litigation. In response to ACI's
motion, First-Citizens concedes that when it filed its notice of appeal from the summary-judgment
order, that order was not yet final. Nonetheless, First-Citizens asserts that any jurisdictional defect
existing at the time of filing was cured because subsequently "the trial court entered an order
disposing of all issues." See Tex. R. App. P. 27.1(a) ("In a civil case, a prematurely filed notice of
appeal is effective and deemed filed on the day of, but after, the event that begins the period for
perfecting the appeal."). (1) First-Citizens relies on, and has supplemented the record with, a July 27
"Order Granting Petition in Interpleader." ACI has filed a reply in which it argues that there is still
no final judgment because the July 27 order does not dispose of all parties and claims. See Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). We agree with ACI that the July 27 order does
not give rise to a final judgment.

 The July 27 order does not purport to dispose of all remaining parties and claims
in the suit with unmistakable clarity, nor does it have that effect. See id. To the contrary, the order,
on its face, fails to dispose of approximately $7,500 of the interpled funds. Consequently, there is
still no final, appealable judgment. And because the legislature has not provided an interlocutory
appeal from the March 25 orders, we lack subject-matter jurisdiction over First-Citizens's appeal.

 Under Texas Rule of Appellate Procedure 27.2, we have discretion to permit the
orders on appeal to be made final so as to cure the jurisdictional defect. Under the circumstances,
we exercise our discretion to do so. We give notice to First-Citizens that this Court will dismiss this
appeal for want of subject-matter jurisdiction within thirty days of the date of this order unless it can
demonstrate by that time that the jurisdictional defect has been cured and supplements the appellate
record accordingly. See Tex. R. App. P. 42.3(a).

 In the event First-Citizens complies with this order, ACI's deadline for filing its
appellee's brief is extended until the thirtieth day after the date the district court's judgment becomes
final. See id. R. 27.2.

 Finally, in its reply in support of its dismissal motion, ACI has requested that
we award it the costs and attorney's fees it incurred in filing its dismissal motion and reply. ACI
complains that First-Citizens "forced" its dismissal motion by persisting with prosecuting the appeal,
including filing its appellant's brief, despite awareness that there is no final, appealable judgment. 
Further, counsel for ACI represents that First-Citizens has knowingly "misrepresented the state of
the record below" to this Court by stating or insinuating there was a final judgment when, in fact,
it knew there was not. In particular, regarding the July 27 order that First-Citizens now advocates
is a final judgment, ACI's counsel represents that "[i]n fact, the order is in the process of being
amended by agreement due to the request of another party, as First Citizens' counsel is well aware
since he agreed to it being amended." We request that First-Citizens file a response to ACI's request
for attorney's fees and costs within ten days of the date of this order. 

 It is so ORDERED October 9, 2009.



Before Justices Patterson, Puryear and Pemberton

1. Similarly, in its opening appellant's brief, First-Citizens represents that the interpleader
claims "have been disposed of separately."